COUNTY OF LASALLE

*v.*

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

RESPONDEAT SUPERIOR—*damages for over-flow of State Canal.* This claim is for damages to crop caused by the breaking of the south bank of the Illinois & Michigan Canal, whereby water over-flowed the lands of claimant and destroyed its crops grown and growing thereon, caused by the negligence of and carelessness of the Canal Commissioners. *Held,* that the doctrine of *respondeat superior* does not apply to the State and that the State is not liable for the negligence of its officers. (*Phillips v. State,* I-C. C. 332, followed.)

Edward J. Brundage, Attorney General, for State.

This suit is brought by the county of LaSalle against the State to recover damages caused by the breaking of the South bank of the Illinois and Michigan Canal, thereby causing the water therefrom to flood the claimant's land, and destroy its crops, then growing thereon.

The claimant county maintained within its limits a county home for the care of certain classes of unfortunate citizens in said county. Said institution belonged to the county, and consisted of about 300 acres of land in Sections 16 and 17, T. 33, N. R. 3, E. 3d, P. M. in said county with a number of buildings thereon. Said lands were productive and used for farming purposes, producing corn, potatoes, oats and other crops, and was operated by the County Warden and Home Committee appointed by the Supervisors of said county. The proceeds are used for the maintenance of said institution.

The farm is located immediately south of the Illinois & Michigan Canal about three miles west of the City of Ottawa. Through the negligence and carelessness of the Canal Commissioners the banks of said canal were allowed to become and remain in a defective condition. About July 7th, 1919, the south bank of said canal gave way and broke a short distance east of said lands, and flooded portions thereof several feet deep, and remained thereon for some two weeks and upwards. About 17.17 acres of corn then growing thereon, was damaged to the extent of 70%, and that comparing the prospective yield with the yield of 1918, the damage is placed at $1,938.00.

The price fixed on corn is 600 bushels at $1.16 per bushel...$   698.00

Loss of 8.28 acres potatoes at $150.00 per acre..............   1,242.00

Making a total of claimed as damages....................$1,938.00

The above facts are proven by a number of farmers, as witnesses and no proof is offered to the State in rebuttal. While the method of proving the damages is not entirely satisfactory to the Court, no objection is made by the State, and it is probable that the damages as laid and proven, are approximately correct. It probably would have cost several hundred dollars to harvest and market the crop, but this may have been taken into consideration in the estimates by witnesses. This point is not clear in our minds. The Attorney General's demurrer generally and specifically to the claim, claiming that the doctrine of *respondeat superior* is not applicable; but cites no authorities. We fail to concur in the views of the defendant.

Many claims of this character have been tried by our predecessors and damages allowed. The doctrine that the State is not liable for the negligence of its officers, does not apply to the officers in charge of the Illinois and Michigan Canal.

In support of this, we cite:

*Eugene B. Phillips* v. *State,* 1 C. C. 332; we also in this connection, cite:

*Mathias Hosier* v. *State,* 1 C. C. 57.

*Heirs of Crane, deceased* v. *State,* 1 C. C. 88.

*Warner Coms* v. *State,* 1 C. C. 89, which the evidence further shows that the canal was scarcely ever inspected and that the banks had been in bad condition for a long time.

In view of the fact there is no evidence negative of the evidence offered by claimant, we are of the opinion that claimant has fairly made out its case, and is entitled to an award of amount claimed.

We accordingly award it the sum of $1,938.00.